ORDERED.

Dated: February 14, 2020

_____
Michael G. Williamson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY
COURT MIDDLE DISTRICT OF
FLORIDA TAMPA DIVISION

http://www.flmb.uscourts.gov/

| | |
|---|---|
| IN RE: | ) |
| | ) |
| Eric Baker | ) |
| Patti Baker | ) Case# 8:19-bk-00770-MGW |
| | ) Chapter 7 |
| | ) |
| Debtor(s)          / | ) |

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE A SHORT
SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS,
ENCUMBRANCES AND INTERESTS PURSUANT TO 11 U.S.C. §§ 363(b), and (m),
SURCHARGE AGREEMENT BETWEEN SECURED LENDER AND THE
ESTATE, PAY SECURED CREDITORS AND EXPENSES OF THE SALE (DOC.NO. 36)**

*7393 Landmark Avenue, Spring Hill, FL 34606*

 **THIS CASE** came on up for hearing on February 12, 2020, at 9:30 AM for the Court to consider the CHAPTER 7 TRUSTEE'S MOTION TO (I) APPROVE A SHORT SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. § 363(b), (f), AND (m), (II) SURCHARGE AGREEMENT BETWEEN SECURED LENDER AND THE ESTATE, AND (III) OTHER RELIEF (Doc. No. 36) filed by Chapter 7 Trustee, Traci K. Stevenson.

The Motion was served upon all interested parties informing the parties of their opportunity to respond within 21 days of the date of service; no party filed a response within the time permitted; and the Court therefore considers the Motion unopposed.

For the reasons stated on the record at the hearing, it is hereby:

**ORDERED** as follows:

1. The notice of the Motion is approved as proper and adequate under the circumstances.

2. The Motion is GRANTED.

3. The Trustee is authorized to sell the real property located at 7393 Landmark Avenue, Spring Hil, FL 34606 for $105,000.00 conditioned on the consent of its Secured Creditor, and in accordance with the terms provided for in the Motion. The "Real Property" is legally described as:

**THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE COUNTY OF HERNANDO, STATE OF FLORIDA, AND IS DESCRIBED AS FOLLOWS: LOT 10, BLOCK 186, SPRING HILL, UNIT 4, AS PER PLAT THEREOF RECORDED IN PLAT BOOK 7, PAGES 87 THROUGH 95, PUBLIC RECORDS OF HERNANDO COUNTY, FLORIDA.**

4. The Trustee is authorized to pay the secured mortgage creditor, (also known as "Secured Creditor") the full amount of its lien as of the date of closing or other amount agreeable to the Secured Creditor to release their lien.

5. The Trustee is authorized to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale including, executing a deed conveying the interests of the Debtor in the Real Property to the Buyer pursuant to the subject Purchase and Sale Agreement.

6. Pursuant to 11 U.S.C. §363(f) of the Bankruptcy Code, effective upon closing, the sale of the Real Property will vest in the Buyer all right, title and interest of the Debtor and the bankruptcy estate in the Real Property, free and clear of the liens, claims or interests listed below (collectively, the "<u>Affected Interests</u>"):

   1. Eric Baker and Patti Baker, Debtors
   2. <u>BB&T Bank -</u> (Mortgage Lienholder)

7. This Order is and shall be effective as a determination that, upon and subject to the occurrence of the closing of the sale, all Affected Interests have been and hereby are adjudged and declared to be unconditionally released as to the Real Property.

8. The Buyer has not assumed any liabilities of the Debtors.

9. <u>Authorized Disbursements at Closing</u>:  The Trustee, and any escrow agent upon the Trustee's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro-rated as of the closing with respect to the real property included among the purchased assets; (b) the amount of homeowners association, neighborhood association and property management services which are a lien or charge on the Real Property, and (c) other anticipated closing costs and costs of sale (estimated below):

| | |
|---|---|
| Total Sales/Brokers | |
| 2% to Fathom Realty | $2,100.00 |
| 2% to Tidewater Premier Properties | $2,100.00 |
| 2% to BK Global Real Estate Services | $2,100.00 |
| UCC Lien | $4,000.00 |
| Bankruptcy Estate Fee to T. Stevenson, as Trustee for the Estate | $5,000.00 |

Without further order of the court, the Trustee is authorized to pay closing costs related to the closing, title and lien searches, title insurance, wire transfers, transfer taxes and recording fees so long as they are within industry standard and with the consent of the Secured Creditor and the Trustee is authorized to pay necessary per diem alterations for disbursements that are subject to a per diem calculation. Further, as part of the closing process, the closing agent and any escrow agent making disbursements of the proceeds of the sale is permitted and directed to make disbursements to the bankruptcy estate of the debtors as provided in paragraph 14 of this

Order.

10. Except as otherwise provided in the Motion, the Real Property shall be sold, transferred, and delivered to Buyers on an "as is, where is" or "with all faults" basis.

11. Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code, and Buyer shall be entitled to all protections of Section 363(m) of the Bankruptcy Code.

12. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement, all amendments thereto, any waivers and consents thereunder, and each of the documents executed in connection therewith in all respects, including retaining jurisdiction to (a) compel delivery of the Real Property to the Buyer(s), (b) resolve any disputes arising under or related to the purchase agreement, and (c) resolve any disputes regarding liens, claims, or interests asserted against the Real Property.

13. The purchase and sale agreement and any related documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by both parties without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' bankruptcy estate.

14. The Court specifically determines that property of the bankruptcy estate as defined in 11 U.S.C. §541 includes any and all funds remaining after authorized closing disbursements are made ("Remaining Funds"). The closing agent and any escrow agent making disbursements of the proceeds of the sale is permitted and directed to remit to the Trustee such Remaining Funds as part of the closing process.

Traci Stevenson, is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the order.